## Gutowska v. Marsh.

*J. Gordon Mason* and *Herman Reich*, for plaintiff.
*S. L. Gribbin*, for defendant.

PER CURIAM, Dec. 16, 1929.—On Dec. 31, 1927, at or about 11.30 o'clock P. M., Anna Gutowska, the plaintiff, was riding in a Ford sedan operated by Stanley Wysock on the state highway between Danville and the Borough of Northumberland. At a point on the said highway a collision occurred between the car in which she was riding and a Ford coupe operated in an opposite direction by Hugh Montgomery Marsh. She sustained bodily injuries and subsequently brought this suit to recover damages therefor. The trial resulted in a verdict for the plaintiff for the sum of $18,722. Thereupon the defendant filed a motion for a new trial, assigning six reasons in support thereof. In our view of the present proceedings, the only reason calling for consideration is the sixth, which is as follows:

"Because at the time of the trial of the case the plaintiff represented herself as a single woman, when in truth and in fact she had previously been mar-

ried to Stanley Wysock, the principal witness for the plaintiff and her companion on the night of the accident; that the fact of said marriage was unknown to the defendant at the time of the trial and could not be discovered by him by ordinary diligence; that the said marriage status may have changed the amount of damages to which she, in the opinion of the jury, was entitled, and that her marriage to the said Stanley Wysock would have affected the weight and credibility of the testimony of the said Stanley Wysock."

No depositions were taken in support of the fact of the said marriage, nor is it anywhere disclosed by the record. The necessity therefor was precluded by the admission at the argument of the motion by counsel for the plaintiff, who stated that, unknown to him, the plaintiff did appear and testify as if unmarried, when in truth and in fact she had been married some time previous to the trial to Stanley Wysock, the driver of the car in which she was riding. The undisclosed fact of her marriage, her description of the nature and the extent of her injuries, the effect thereon of her ability to bear children, the consequent inference therefrom of the unlikelihood of her marriage, the appearance of Wysock as a disinterested witness, and the charge of the court directing the measure of damages as for an unmarried woman, doubtless may have influenced the jury in arriving at any verdict for her and doubtless did influence them in arriving at the present verdict. The case was brought and tried wholly on the theory that the plaintiff was an unmarried woman. We do not propose to dignify this deception, whether intentional or otherwise, by a lengthy discussion. The situation calls for summary disposition. The court cannot indulge so glaring an imposition. The only effectual remedy is by a new trial.

And now, Dec. 16, 1929, defendant's sixth reason is sustained and a new trial is hereby awarded.

From C. M. Clement, Sunbury, Pa.